# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1881V
Filed: July 25, 2022
UNPUBLISHED

| | |
|---|---|
| CATHERINE GRACE BOSS,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Master Horner<br><br><br>Motion to Dismiss; Postural Orthostatic Tachycardia Syndrome (POTS); Human Papillomavirus (HPV) Vaccine; Influenza (flu) Vaccine |

*Paul Adrian Green*, Law Offices of Paul Green, Pasadena, CA, for petitioner.
*Emily H. Manoso*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On December 11, 2019, petitioner Catherine Grace Boss filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2018), alleging that she suffered injuries including neurocardiogenic syncope, fatigue, chronic autoimmune demyelinating illness, shortness of breath, hypotension, dysautonomia, postural orthostatic tachycardia syndrome (POTS), headache, migraines, neck pain, back pain, abdominal pain, pain disorder as a result of her December 12, 2016 Human Papillomavirus ("HPV") and Influenza ("flu") vaccinations. (ECF No. 1, p. 1.)

### I.    Procedural History

On December 30, 2019, petitioner filed a Statement of Completion. (ECF No. 5.) This case was subsequently reassigned to my docket on January 27, 2020. (ECF No. 9.) Respondent filed a status report on March 2, 2020, requesting additional medical

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

records from petitioner.  (ECF No. 13.)   On August 7, 2020, petitioner filed her additional medical records, an affidavit, and a further Statement of Completion.  (ECF No. 16, 17.)  Petitioner subsequently filed an expert report and the accompanying medical literature on March 17, 18, and 22 of 2021.  (ECF Nos. 27-55.)

Respondent was ordered to file his Rule 4 Report and any responsive expert report(s).  However, on May 10, 2021, respondent filed a motion to amend the schedule and requesting several unredacted versions of records that had been previously filed with redactions along with records from petitioner's psychologist.  (ECF No. 56.)  Respondent indicated these materials were necessary to his medical review.  Petitioner subsequently filed a statement from one of her psychologists counseling against the requested disclosures.  (ECF No. 62.)  On April 12, 2022, petitioner filed a status report indicating that she was unable to obtain any further records requested by respondent.  (ECF No. 66.)

On May 31, 2022, I held a Rule 5 conference where I explained that as it stood, the evidentiary record likely did not weigh in favor of petitioner's claim.  (ECF No. 68.)  I further explained that I agreed with respondent that some form of disclosure from petitioner's psychiatrist would be necessary to his defense.  (*Id.*)  In response to my Rule 5 order, petitioner filed a status report on June 16, 2022, indicating that she intended to withdraw from the program.  (ECF No. 69.)  She then filed a motion for a decision dismissing her petitioner on July 21, 2022.  (ECF No. 71.)

Petitioner acknowledges in her motion that this dismissal will be an adjudication on the merits  and will result in a final judgment against her.  (ECF No. 71, p. 1.)  Moreover, similar motions in other cases have resulted in dismissal with prejudice.  *McElerney v. Sec'y of Health & Human Servs.*, No. 16-1540V, 2020 WL 4938429 (Fed. Cl. Spec. Mstr. July 28, 2020); *Otto v. Sec'y of Health & Human Servs.*, No. 16-1144V, 2020 WL 4719285 (Fed. Cl. Spec. Mstr. June 17, 2020).

## II.     Discussion

To receive compensation in the Vaccine Program, petitioners must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  No "Table Injury" was alleged in this case.  Nor did an examination of the record uncover any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain preponderant evidence indicating that petitioner's alleged injury was vaccine caused or in any way vaccine-related.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  Although petitioner offered a medical opinion from Drs. Steinman and Miglis, the medical opinions did not provide persuasive evidence supporting a finding of entitlement.  Nor did petitioner present a reliable medical theory causally connecting her HPV vaccination to POTS.  Therefore, I do not find that petitioner has met her burden in this case.

Notably, there have been a number of prior decisions within the Vaccine Program addressing and rejecting causal theories linking the HPV vaccine to POTS and/or autonomic nervous system dysfunction. *See, e.g., Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2018 WL 2051760 (Fed. Cl. Spec. Mstr. Mar. 23, 2018); *Combs v. Sec'y of Health & Human Servs.*, No.14-878V, 2018 WL 1581672 (Fed. Cl. Spec. Mstr. Feb. 15, 2018); *L.A.M. v. Sec'y of Health & Human Servs.*, No. 11-852V, 2017 WL 527576 (Fed. Cl. Spec. Mstr. Jan. 31, 2017); and *Turkopolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2014 WL 2872215 (Fed. Cl. Spec. Mstr. May 30, 2014). In *Balasco v. Secretary of Health & Human Services*, I previously found such a theory unpersuasive based in part on an opinion provided by Dr. Miglis, who also opines in this case. No. 17-215V, 2020 WL 1240917 (Fed. Cl. Spec. Mstr. Feb. 14, 2020).

### III.     Conclusion

Petitioner's Motion for Decision Dismissing the Petition is **GRANTED**.  This petition is **DISMISSED with prejudice** for insufficient proof.  The clerk of court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.